IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:10-cr-20124-STA-tmp |
| | ) | |
| FELIX TYLER, | ) | |
| | ) | |
| Defendant. | ) | |

_____

ORDER ADOPTING REPORT AND RECOMMENDATION AND DENYING
DEFENDANT'S MOTION TO SUPPRESS
_____

Before the Court is Defendant Felix Tyler's Motion to Suppress Evidence (D.E. # 22), filed on September 21, 2010.  This Court referred the Motion to the Magistrate Judge for Report and Recommendation on October 27, 2010.  (D.E. # 29.)  On December 8, 2010, the Magistrate Judge held a hearing on the Motion.  The Court received the Report and Recommendation on January 13, 2011.  (D.E. # 38.)

The Magistrate Judge recommended that the Court deny the Motion to Suppress. Defendant filed objections to the Magistrate Judge's Report and Recommendation on February 11, 2011.  The Government did not respond to Defendant's objections.  On June 7, 2011, this Court held a hearing on the objections.  The Court has reviewed the entire record in this case and for the reasons set forth below, Defendant's objections are **OVERRULED**, the Magistrate Judge's Report and Recommendation is **ADOPTED,** and the Motion to Suppress is **DENIED**.

1

**BACKGROUND**

On December 19, 2009, Defendant Felix Tyler ("Defendant") was charged with one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  In his Motion to Suppress, Defendant now asks this Court "for an order suppressing all evidence written, oral, or tangible, obtained during or as a direct or indirect result from the warrantless and illegal seizure, search, and interrogation of [Defendant] on or about December 19, 2009." Mot. to Suppress, 1.

The Magistrate Judge conducted a hearing at which he received testimony from the Government's witnesses, Memphis Police Officer Keith Crosby ("Officer Crosby"), Memphis Police Officer Kittrel Robinson ("Officer Robinson") (collectively "Officers"), and ATF Agent David Perry ("Agent Perry"), and from the Defendant's witness, Ms. Lavelle Parker ("Ms. Parker").  The Magistrate Judge recommended that the Motion to Suppress be denied.  The Defendant filed objections to the Magistrate Judge's recommendation.

The Defendant's specific objections to the recommendation are as follows.  Defendant objects to the "rejection by the Magistrate [Judge] of the testimony of Ms. Parker. [Defendant] also objects to the finding of the Magistrate [Judge] that the [O]fficers were credible in their version of the events, in particular as to whether Ms. Parker executed an improper lane change." Objections to Report and Recommendations ("R & R"), 3.  In support of this statement, Defendant notes that Officers Crosby and Robinson gave inconsistent testimony about whether Ms. Parker changed lanes to the left or right.  Defendant further highlights the fact that at the time of the lane change, Ms. Parker's car was under surveillance by Officers Crosby and Robinson.  Defendant contends that, as the car was under surveillance, the Officers would be

attempting to remain inconspicuous and would likely not have been right next to Ms. Parker's car, so as to have to swerve if Ms. Parker changed lanes. Moreover, Defendant argues that Ms. Parker's testimony, that she used her turning signal when changing lanes and that there was no one around her when she signaled, was both credible and consistent with her grand jury testimony. Consequently, following these statements, Defendant objects to the Magistrate Judge's "conclusion that the officers had probable cause to stop Ms. Parker's vehicle for making an improper lane change is clearly erroneous based on the facts of this case."[1] (*Id.* at 3.) Further, Defendant objects to the Magistrate Judge's conclusion "that the officers had reasonable suspicion to stop the vehicle based on their belief that they would find the stolen government funds is also clearly erroneous." (*Id.* at 3.)

      The Government filed no written response to Defendant's objections. The Government did respond to Defendant's objections at the hearing. The Government argued that the Magistrate Judge's credibility determination was correct. First, the Government cited the fact that the Magistrate Judge carefully considered the testimony of all of the witnesses, including their demeanor as they testified at the hearing, to make this credibility determination. Second, the Government stated that the fact that the Officers were close to Ms. Parker's car, while the car was under surveillance, is not an issue. The Government argued that the Officers were most likely driving in the normal flow of traffic. Lastly, the Government contends that the Magistrate Judge's finding that Ms. Parker's testimony was not credible was proper due to the fact that Ms.

---

[1] According to Tennessee Code Annotated § 55-8-143(a), "[e]very driver who intends to start, stop or turn, or partly turn from a direct line, shall first see that that movement can be made in safety, and whenever the operation of any other vehicle may be affected by such movement, shall give a signal required in this section, plainly visible to the driver of the other vehicle of the intention to make such movement."

Parker testified to having six (6) prior convictions for theft and a long relationship with the Defendant.  Therefore, the Government submits that the Officers were credible and, as such, the Officers did have probable cause to make the traffic stop based upon the misdemeanor traffic violation.  Further, the Government submits that the Officers also had reasonable suspicion to make an investigatory stop of Ms. Parker's car based on the confidential informant's information.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636, the Court may refer a motion to suppress in a criminal matter to a United States Magistrate Judge for the purpose of conducting an evidentiary hearing and to submit proposed findings of fact and recommendations for the disposition of the motion.[2] The Court must "make a de novo determination of those portions of the report or specific proposed findings or recommendations to which objection is made."[3]  After reviewing the evidence, the Court is free to accept, reject, or modify the proposed findings or recommendations of the magistrate judge.[4]  The Court need not review, under a *de novo* or any other standard, those aspects of the report and recommendation to which no specific objection is made.[5]  Rather the Court may adopt the findings and rulings of the magistrate judge to which no specific objection is filed.[6]

---

[2] 28 U.S.C. § 636(b)(1)(B).

[3] 28 U.S.C. § 636(b)(1)(C).

[4] *Id.*

[5] *Thomas v. Arn*, 474 U.S. 140, 150 (1985).

[6] *Id.* at 151.

## ANALYSIS

The Court will first review the Defendant's objection regarding the Magistrate Judge's credibility determination, as this will dictate the probable cause determination. As stated above, the Defendant objects to the Magistrate Judge's finding that the officers were credible in their version of events. The Magistrate Judge credited the testimony of Officers Crosby and Robinson over the testimony of Ms. Parker. Specifically, the Magistrate Judge observed, in the Report and Recommendation, that:

> The Court has carefully considered the testimony of all of the witnesses, including their demeanor as they testified at the hearing, and finds the government's witnesses to be credible and Parker to be not credible. Therefore, the court adopts the officers' version of events as its Proposed Findings of Fact.[7]

These facts include that:

> Parker's vehicle turned into their lane without signaling, that Officer Crosby had to apply his brakes and swerve to avoid a collision with Parker's vehicle, and that the improper land change caused the police vehicle to nearly collide with another vehicle.[8]

Further, regarding Ms. Parker's testimony, the Magistrate Judge wrote that:

> The court finds Parker's testimony to be not credible. Parker has known [Defendant] for about eighteen years and has a child with [Defendant's] cousin. She testified that she has six prior convictions for theft and a federal felony conviction for Possession of Stolen Mail, which the court may consider under the "relaxed" evidentiary rules applicable to suppression hearings. Moreover, in her testimony before the grand jury, Parker never mentioned that the Officers allegedly assaulted Tyler.[9]

The Court has thoroughly reviewed the December 8, 2010 hearing transcript. The Court notes that the Officers and Ms. Parker did differ in their testimony as to the events occurring

---

[7] R & R, 2.

[8] R & R, 9.

[9] R & R, 6 (citations omitted).

prior to and during the traffic stop at issue. Moreover, the Court notes that the Officers were inconsistent about whether Ms. Parker changed lanes to the left or to the right without signaling. However, the Court finds that the Magistrate Judge was in the best position to evaluate the witnesses' credibility and further finds that the transcript "provides 'no compelling reason to second-guess the magistrate judge's decision.'"[10] Thus, the Court adopts the Magistrate Judge's finding that Officers Crosby and Robinson were credible in their version of events and, as such, overrules the Defendant's objections as to the Magistrate Judge's credibility finding.

Following, the Court finds that Parker's vehicle turned into the Officers' lane without signaling, that Officer Crosby had to apply his brakes and swerve to avoid a collision with Parker's vehicle, and that the improper lane change caused the police vehicle to nearly collide with another vehicle. Consequently, this Court **ADOPTS** the Magistrate Judge's finding that the Officers had probable cause that a traffic violation had occurred, giving the Officers a proper basis to stop Parker's vehicle. Thus, the Court **DENIES** the Defendant's Motion to Suppress.

The Court notes that the Defendant also objects to the Magistrate Judge's conclusion that the officers had reasonable suspicion to stop the vehicle based on their belief that they would find stolen government funds. However, because the Court has found that the Officers had probable cause to stop Ms. Parker's vehicle, the Court finds this objection unnecessary to

---

[10] *United States v. Tuggle,* No. 2:10-cr-20042-JPM-tmp, 2011 WL 692812, at *1 (W.D. Tenn. Feb. 18, 2011) (quoting *United States v. Freeman,* No. 08-5677, 2010 WL 4244268, at *9 (6th Cir. Oct. 19, 2010)); see also *United States v. Lowe,* No. 3:09-CR-110, 2010 WL 1491417, at *1 (E.D. Tenn. May 7, 2007) ("The court will defer to the credibility finding by the magistrate judge who had an opportunity to evaluate the demeanor and consistency of the witnesses' testimony."); *United States v. Brown,* No. 1:07-CR-9, 2007 WL 1345463, at *1 (E.D. Tenn. May 7, 2007) ("Credibility determinations of the magistrate judge who personally listened to the testimony of a witness should be accepted by a district judge unless in his *de novo* review of the record he finds a reason to question the magistrate judge's assessment.").

address.

## CONCLUSION

For the foregoing reasons, after *de novo* review, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **DENIES** the Defendant's Motion to Suppress.

**IT IS SO ORDERED.**

                                          **s/ S. Thomas Anderson**
                                          **S. THOMAS ANDERSON**
                                          **UNITED STATES DISTRICT JUDGE**

Date: June 27, 2011.